SUCCESSION OF DUNCAN and MARY A. SHAW, deceased—DANIEL N. SHAW, appellant.

13  265|
44 1079|

*The judge alone, or other authority exercising his functions, at the domicil of the minor, has the right to make the appointment of tutor or guardian.*

*And it is the tutor or guardian of the domicil alone who can, in virtue of the personal statute, under which he is appointed, act as such in other countries.*

APPEAL from the Second District Court of New Orleans, *Morgan,* J.

*Whittaker & Fellows,* for *D. N. Shaw,* appellant. *Hunt & Denegre,* attorneys for *Shelby Seymour,* appellee.

MERRICK, C. J.  *Duncan* and *Mary A. Shaw* had their domicil in New Orleans.  They left the city during the prevalence of the yellow fever in 1853, and retired to the city of Baton Rouge.  They both died in the latter part of October of that year at Baton Rouge, leaving an infant daughter, four months of age.  *Shelby Seymour* having received the infant minor into his family, was, with the advice of a family meeting and in the absence of all relations, appointed her tutor by the Judge of the Second District Court of this city, he having jurisdiction over the domicil of the minor.  On the 3d day of October, 1855, *Daniel M. Shaw,* the only brother of the deceased *Duncan Shaw,* caused himself to be appointed guardian to said minor by the courts of the county of Bladon, in the State of North Carolina, where he qualified and gave bond in the sum of $30,000, *the minor, her property, and her domicil, all the while remaining in Louisiana.*

On the 16th day of April, 1856, *Daniel M. Shaw* filed his petition in said Second District Court, wherein he stated that he had arrived in the city for the purpose of taking charge of the said minor, and alleged that *Seymour* could not be legally appointed tutor, because he was not related to the minor ; because he was a creditor of the succession, and because there was a partnership between *Shaw & Seymour* unsettled at the time of the death of the former.

Petitioner prayed to be recognized as guardian of said *Mary Ellen Shaw,* the minor, that she might be placed in his custody for the purpose of receiving her property among his family, etc., and that it de decreed that said *Shelby Seymour* is no longer tutor, but that said *Mary Ellen Shaw* is properly under the guardianship of petitioner.

The defendant, after answering, excepted to the petition on the ground that the plaintiff was absolutely without any right of action, and if any existed, it could only be exercised by the under-tutor.

The exceptions were sustained and plaintiff appealed.

It is hardly necessary, in this stage of our jurisprudence, to show that it is only the judge, or other authority exercising his functions at the domicil of the minor, who has the right to make the appointment of the tutor or guardian, and that it is only the tutor or guardian of the domicil who can, in virtue of the personal statute under which he is appointed, act as such in other countries.

With all the respect which we entertain for the acts of the authorities in our sister States, we can never admit the least validity in the appointment of a guardian by the courts of another State to a minor whose domicil is here.  As a consequence, in virtue of such foreign appointment, such supposed guardian cannot stand in judgment nor exercise any rights in our courts in reference to the minor,

34

SUCCESSION OF SHAW.

which any other stranger could not exercise. C. C. 289 ; C. P. 944, 945 ; *Brown v. McNeil*, 8 An. 30 ; *Succession of Bronson*, 11 An. 24 ; C. P. 1015, 1016. He certainly cannot, in this form, deprive the legally appointed tutor of his office and his power over the person and property of the minor.

The judgment of the lower court cannot, therefore, be disturbed.

Judgment affirmed.